# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CHARITY GRANT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CV414-132 |
| ) | |
| TARGET CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

In this slip-and-fall case defendant moves to compel plaintiff to undergo a Fed. R. Civ. P. 35 independent medical examination to corroborate her claim that she suffers from severe back pain as a result of the incident giving rise to her suit. (Doc. 14.) Plaintiff insists that she already underwent an independent medical examination in 2012, during the pendency of a prior state court action that she later dismissed without prejudice and refiled in 2014. (Doc. 15-1 at 2-3.) Plaintiff also points out, however, that defendant failed to submit a certification showing that the parties conferred in a good faith effort to resolve the dispute before coming to Court. (*Id.* at 5.)

Local Rule 26.5(c) reminds attorneys "that Fed. R. Civ. P. 26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court." "That rule is enforced." *Hernandez v. Hendrix Produce, Inc.*, 2014 WL 953503 at * 1 (S.D. Ga. Mar. 10, 2014). And the conference must be meaningful. *Hernandez v. Hendrix Produce, Inc.*, 297 F.R.D. 538, 540 (S.D. Ga. 2014). Since no certification was provided, defendant's motion to compel a medical examination (doc. 14) is **DENIED** as premature.

**SO ORDERED**, this 30th day of January, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA