# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CHARITY GRANT, )
 )
    Plaintiff, )
 )
v. )
 ) Case No. CV414-132
TARGET CORPORATION, a foreign )
corporation, )
 )
    Defendant. )

## <u>ORDER</u>

In this slip-and-fall case,[1] defendant Target Corporation moves to exclude nine general categories of evidence (doc. 25), and for admissibility rulings on three specific pieces. Doc. 28. Grant opposes, arguing against premature rulings made absent the trial context within which evidence ultimately will be introduced. *See, e.g.*, doc. 31 at 2.

---

[1] Plaintiff Charity Grant alleges that prior to a 2007 visit to Target's Abercorn St. location, rain leaked through the roof of the store and "accumulated on the floor and in the aisles." Doc. 1-1 at 8. The wet areas, she contends, lacked warning signs. *Id.* Grant slipped while holding her child's hand and to prevent the child from falling, twisted and contorted "in an unnatural manner" that allegedly caused "injuries to her ankle and lower back." *Id.*

## I. THE GENERAL CATEGORIES MOTION

Seven of nine requests in Target's first motion in limine (doc. 25) seek to exclude broad categories of evidence without reference to specific items Grant wishes admitted. Target wants barred (1) evidence or argument regarding its liability insurance coverage; (2) evidence of unpled special damages; (3) evidence of payments from outside sources; (4) evidence of the general character of the parties; (5) any improper bolstering of witnesses; (6) demonstrative evidence, "unless it depicts only matters already admitted into evidence;" and (7) witnesses providing "legal conclusions or opinions regarding the law." Doc. 25 at 1-3.

All of those requests are "abstract and[/or] in anticipation of some hypothetical circumstance that may not develop at trial." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1504 (11th Cir. 1985) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). They ask for broad rulings that may or may not have any applicability in this case depending on what evidence Grant presents and how she presents it. *See, e.g.,* Doc. 25 at 2 ("[Target] requests that plaintiff not be permitted to present irrelevant evidence of the general character of the parties to

2

this action."); *id.* ("[Target] request[s] that plaintiff not be permitted to present evidence to bolster or sustain a witness's general credibility."). And, because those requests "seek[] 'to exclude anticipated prejudicial evidence before the evidence is actually offered,'" *Pena v. Handy Wash, Inc.*, 2015 WL 4264614 at * 4 (S.D. Fla. July 13, 2015) (quoting *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984)), "an order ruling on [them would] basically [constitute] an advisory opinion" and "[would] not determine the sufficiency of the evidence or merits of an issue." *Sales v. State Farm Fire and Cas. Co.*, 632 F. Supp. 435, 436 (N.D. Ga. 1986). Given (1) the requests' uncertain applicability and abstractness, and (2) the Court's limited power to exclude evidence in limine, *see Mehta v. Foskey*, 2013 WL 1966152 at * 2 (S.D. Ga. May 10, 2013) (courts have "the power to exclude evidence in limine *only* when evidence is clearly inadmissible on all potential grounds") (emphasis added), Target's motion as to requests 2-6 and request 8 is **DENIED** without prejudice to renew it at trial.

### A. News Articles (Request No. 7)

Target wants the Court to bar mention of any "[n]ews articles covering [the] condition of [the] roof of Savannah Mall before and after

3

the incident," that plaintiff listed in her initial disclosures. Doc. 25 at 2. Such articles, it contends, are hearsay and "in almost all circumstances . . . inadmissible." *Id.* at 3 (citing *United States v. Michtavi*, 155 F. App'x 433, 435 (11th Cir. 2005)). Grant, on the hand, contends that articles, while inadmissible to prove the truth of their contents, may be used to "show notice, control, etc." Doc. 27 at 3. And, she argues, any admissibility ruling would be premature without the benefit of trial presentation context. *Id.*

Newspaper articles indeed are inadmissible "in almost all circumstances." *Michtavi*, 155 F. App'x at 435 (quoting *Dallas Cnty. v. Commercial Union Assur. Co.*, 286 F.2d 388, 392 (5th Cir. 1961)). "Almost all," however, means that some circumstances allow for admission of articles. *See Michtavi*, 155 F. App'x at 435 (admission of newspaper articles allowed where government offered them to show that articles about a particular event existed, not that the event itself occurred). As Grant astutely points out, "[a]bsent the context [within which] the articles may be presented at trial," the Court cannot decide this issue. Target's motion on this issue is **DENIED** without prejudice to renew it at trial. Doc. 25 at 3.

4

## B. Initial Disclosures (Request No. 9)

Finally, Target asks the Court to bar the testimony of any witnesses and the introduction of any documentary evidence that Grant failed to identify in her discovery responses or initial disclosures. Doc. 25 at 4. Grant says she's already disclosed "all known witnesses" at this time, whether in disclosures or responses. Doc. 27 at 4. She effectively consents to Target's requested relief, but asks in return that the Court also prohibit Target from calling witnesses not previously disclosed. *Id.* That's only fair. The Court accordingly **GRANTS** Target's request, but Target too is bound by its initial disclosures and discovery responses.

## II. THE SPECIFIC EVIDENCE MOTION

### A. The Unidentified Target Employee

Target "anticipates that plaintiff will seek to introduce evidence that an unidentified Target employee said the roof was leaking and nothing was done about it." Doc. 28 at 1. Target wants that evidence, which it contends plaintiff will introduce via hearsay, excluded. *Id.* at 1-2. Grant responds that "a cursory review of the deposition testimony and incident report reveal[s]" the employee's identify (her name is Sarah Kaduk). Doc. 31 at 1. Even if Kaduk is unavailable for trial, says Grant,

5

hearsay exceptions may allow introduction of her alleged post-incident leaky roof statement. *Id.* at 2.

As with the majority of Target's general requests, this category "seeks 'to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Pena*, 2015 WL 4264614 at * 4 (S.D. Fla. July 13, 2015) (quoting *Luce*, 469 U.S. at 40 n. 2). Regardless, argues Target, any testimony about what Kaduk said that comes from someone other than Kaduk will be un-excepted hearsay. Doc. 28 at 3. But the Court can't make that determination until it actually hears the evidence plaintiff offers. Maybe Target is right. Maybe not. Either way, that determination must be made in the context of trial, not before. Hence, the Court **DENIES** Target's request to exclude such testimony without prejudice to renew it at trial.

### B. Plaintiff's Pre-Incident Mental Health

In a bit of a turnabout, Target next seeks a ruling preemptively *allowing* introduction of evidence related to Grant's mental health. Doc. 28 at 4. It says that her "claim for damages for mental and psychological suffering" make any evidence of her pre-incident mental state relevant and thus admissible. *Id.* at 3-4. Grant agrees that such evidence may be

6

relevant in an abstract sense. Doc. 31 at 3. But she objects to "a blanket ruling on this issue" since any attempt by Target "to introduce evidence of a mental condition . . . which goes beyond any relevance to the claimed damages" may warrant exclusion. *Id.*

Both parties are correct. Because Grant claims that the incident affected her mental state and claims emotional distress damages, evidence of her mental condition pre-incident is unquestionably relevant. But so too is it the case that some such evidence may be inadmissible on other grounds (for example, Fed. R. Evid. 403 may exclude evidence whose prejudicial impact exceeds its probative value). At bottom, the Court cannot conclusively rule on the admissibility of all mental health evidence in all situations, as Target requests. It accordingly **DENIES** Target's motion without prejudice to renew it at trial.

### C. Photos and Videos Produced at the Grant Depostions

As in so many slip-and-fall cases, plaintiff primarily complains of debilitating back injuries. To counter those allegations, Target wants to introduce evidence, produced at depositions of plaintiff's ex-husband and his current wife pursuant to a subpoena from Target, allegedly showing that plaintiff picks up children, rides horses, runs, and engages in other

activities "inconsistent with her claimed injuries." Doc. 28 at 4. Unsurprisingly, plaintiff wants that evidence excluded, arguing that its prejudicial impact exceeds its probative value. Doc. 31 at 3-4. (citing Fed. R. Evid. 403).

As with so much of what Target seeks admitted or excluded, a ruling on this evidence at this juncture is unavoidably fraught with potential error. The Court has none of the supposedly damning evidence in front of it, so it cannot properly evaluate its probative value or prejudicial impact, which itself is informed by how trial proceeds. Nevertheless, pictures and videos depicting plaintiff engaging in activities she claims are beyond her abilities due to the incident at Target are relevant and likely admissible. The Court thus **GRANTS** Target's motion without prejudice to plaintiff's ability to object at trial.

## III. CONCLUSION

For the preceding reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Target's two motions in limine. Docs. 25 & 28.

**SO ORDERED**, this 8TH day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA