# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CHARITY GRANT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CV414-132 |
| TARGET CORPORATION, a foreign corporation, | ) ) ) |
| Defendant. | ) ) |

# ORDER

Less than a week after the Court ruled on Target's two motions *in limine* (doc. 33), plaintiff Charity Grant moves to exclude evidence that she anticipates Target will introduce at trial. Doc. 35. Target opposes. Doc. 37.

In its motions *in limine*, Target sought permission to introduce evidence rebutting plaintiff's claimed damages, evidence that Target obtained at its deposition of plaintiff's ex-husband's current wife (Elizabeth Grant). Doc. 28 at 4. The Court granted Target's request, but did so without prejudice to plaintiff's ability to object, *at trial*, because it had no actual evidence (just conjecture and argument) to review. Doc. 33 at 8. Plaintiff, without any greater specificity than Target offered in its motion,

now moves to exclude that same evidence. Doc. 35.

Grant effectively asks the Court to reconsider its previous ruling. But reconsideration is only proper "if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice. *Jersawitz v. People TV*, 71 F. Supp. 2d 1330, 1344 (N.D. Ga.1999)." *Spencer v. St. Joseph's/Candler Health Sys., Inc.*, 2007 WL 1615117 at * 2 (S.D. Ga. June 4, 2007). Not one of those circumstances exists here.

Nevertheless, plaintiff's complaint about the disorganized nature of Target's production of the deposition evidence has merit. Target, by its own admission, produced a CD with "voluminous" "photographs, videos, and documents" from the Grant deposition. Doc. 37 at 3. Despite the acknowledged possibility that "Target will try and introduce all this evidence," it has not itemized the CD. *Id.*

Although Grant "has had access to the evidence" for almost a year, *id.*, trial is no longer the game of "hide-the-ball" that it once was. By refusing to organize the CD and declare its contents as possible trial exhibits, Target circumvents the equal footing that disclosure requirements are meant to create.

The Court therefore: **ORDERS** Target to itemize the "photographs,

videos, and documents produced at Elizabeth and Edward Grant's depositions," that it "may" offer at trial by October 26, 2015 (ten days after the currently scheduled pre-trial conference),[1] *id.*, and **DENIES** plaintiff's motion *in limine*, though without prejudice to plaintiff's ability to object at trial to the admission of particular pieces of evidence.

**SO ORDERED** this  12th  day of October, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] This itemization does not include anything more than is already required by the Court's pre-trial order. *See* doc. 26 at 12-13. More specifically, it does not require Target to reveal how its counsel has arranged his exhibits and evidentiary presentation. But it does require Target to do more than simply hand over a CD with more than 1,000 files on it. Some additional organization is a must.