# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CHARITY GRANT, )
 )
    Plaintiff, )
 )
v. )
 ) Case No. CV414-132
TARGET CORPORATION, a foreign )
corporation, )
 )
    Defendant. )

## ORDER

Before the Court, after referral to the undersigned at the recent pre-trial conference, *see* doc. 43 (docketed October 22, 2015), are the parties' objections to trial exhibits. Docs. 34 (defendant's objections) & 36 (plaintiff's). Plaintiff's consist of nothing more than the exhibit number, a two or three word description of the exhibit (none of the exhibits are themselves before the Court), and anywhere from 3-8 conclusory, bullet-pointed objections (*e.g.*, "the materials constitute inadmissible hearsay," doc. 36 at 1). Because they all lack any useful, surrounding context, plaintiff's objections are **DENIED** without prejudice to her right to renew them at trial.

Target's are not much better. Its objections to exhibits 1, 2, 4-18, and 20-22 all travel on contingencies that may or may not occur at trial. *See, e.g.*, doc. 34 at 1 ("Defendant objects to the admissibility of this video evidence to the extent it is not properly authenticated and a proper foundation has not been laid for its admissibility."). Exhibit 3's objection essentially asks, via pure re-argument, for reconsideration of the Court's prior ruling on Target's motion in limine, *compare* doc. 33 at 3-4, and 19, *with* doc. 34 at 2, while exhibits 19's argues about a deposition not filed in the record. All of Target's objections, then, just like plaintiff's, lack necessary context. Hence, Target's objections (doc. 34) also are **DENIED** without prejudice to its right to renew them at trial.

**SO ORDERED**, this 26Th day of October, 2015.

<br>

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA