# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARITY GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CV414-132 |
| TARGET CORPORATION, a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court in this slip-and-fall case are the parties' trial objections to portions of the depositions of Dr. Joseph Hegarty, one of plaintiff Charity Grant's treating physicians, and Dr. Stephen Allen, an examining expert for defendant Target (sued by Grant after she slipped and fell in one of its stores). Doc. 56 (defendant's objections); doc. 69 (plaintiff's objections).

## A. Target's Objections to the Allen Deposition

Grant's counsel asked Allen, an orthopedic specialist hired by Target to evaluate plaintiff, if "the independent medical examination[s]

that [he does] are . . . done primarily for corporations?" Doc. 50 at 51.[1] Allen testified that "a lot of it is automobile insurance stuff. Is automobile insurance a corporation? They are, and so some of them are from the insurance company. I guess most of them are." *Id.* at 51-52. Target objects "on the grounds it interjects insurance into this case and should therefore not be permitted." Doc. 56 at 2. Plaintiff points to Fed. R. Evid. 411's prohibition on liability insurance evidence, which is plainly *not* what Allen referenced in his answer, in arguing that the deposition "should remain undisturbed." Doc. 68 at 1.

Plaintiff is correct. Allen answered a legitimate question about who typically hires him to perform independent medical examinations. A doctor -- not a lawyer -- Allen simply attempted to fully answer the question posed to the best of his abilities. His answers to subsequent questions bear out that his insurance company answer did not reference material prohibited by Rule 411 or relevancy standards. *See, e.g.,* doc. 50 at 52 ("Q: Have you ever done an independent medical exam at the request of the patient themselves? A: Yes."). Target's objection, then, is **OVERRULED**.

---

[1] All citations are to the document and page numbers imprinted by the Court's docketing software. They may not match a documents' original pagination.

B.  **Target's Objections to the Hegarty Deposition**

**Objection No. 1**

Discussing why plaintiff was sent by a surgeon to see Hegarty, a rehabilitation specialist, Grant's counsel (Steven Scheer) asked Hegarty if "anything in [his] diagnosis cause[d him] to believe that [a fall] was not indeed her origin of the pain?" Doc. 51 at 34. Hegarty answered that "[i]n the history and present illness we ask the patient questions and take down their history as it's presented to us." *Id.* Target objects "on the grounds it calls for Dr. Hegarty to speculate about the origin of plaintiff's pain," and asked "a question that assumed facts not in evidence -- that plaintiff fell." Doc. 56 at 2. Grant, on the other hand, sees the question as (1) "simply seek[ing] Dr. Hegarty's personal opinion as to whether Ms. Grant's provided history correlated with his diagnosis and his observation of her pain complaints," and (2) building "upon the previous question wherein Dr. Hegarty testified he related Ms. Grant's pain complaints to a fall." Doc. 68 at 2.

The question called for no improper speculation. Scheer, in essence, asked Hegarty whether his observation of Grant matched her

3

reported history. *See* doc. 51 at 33-34. That calls for an expert opinion, not speculation. Target's objection, then, is **OVERRULED**.

**Objection No. 2**

Target also objects to Scheer asking Hegarty if a back injury could cause knee pain. Doc. 56 at 3. It claims that calls for Hegarty, a rehabilitation specialist, to speculate and render an orthopedic opinion. *Id.* Not so. His experience in rehabilitation necessarily includes understanding what causes pain and how to treat it, and rendering a professional opinion on whether back injuries can cause knee pain involves no speculation whatsoever. This objection, too, is **OVERRULED**.[2]

---

[2] Regardless of its substantive merits, Target's objection is an attack on Hegarty's expert qualifications. *See* Fed. R. Evid. 702; *Seamon v. Remington Arms Co.*, ___ F.3d ___, 2016 WL 624520 at * 4 (11th Cir. Feb. 17, 2016) (in performing their 'gatekeeping' role pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), "[c]ourts must consider whether: (1) the expert is qualified to testify competently regarding the matters he intends to address."); *id.* ("As to the first prong -- qualifications -- 'experts may be qualified in various ways,' including by scientific training, education, and experience."). The deadline for *Daubert* motions expired on December 17, *2014, see* doc. 9 (original, never amended, Scheduling Order); doc. 39 at 3 (plaintiff's amended proposed pre-trial order, filed October 13, 2015, acknowledging that discovery ended November 17, 2014), though Hegarty's deposition occurred in March 2015. *See* doc. 51. Target's objection, made just one week prior to trial, is plainly too late.

**Objection No. 3**

At one point in Hegarty's deposition, Scheer asked if there was any "indication that [Grant] was not being continuously treated for the failed back syndrome." Doc. 51 at 9. Hegarty responded that "her diagnosis was consistently failed back surgery syndrome. Each of these other things mentioned were things that were brought up by [Grant]." *Id.* Target "objects to th[at] question on grounds it assumes facts not in evidence and misstates prior testimony. It also requires Dr. Hegarty to speculate as he did not continuously treat plaintiff for her back condition." Doc. 56 at 4. The Court **OVERRULES** Target's objection because it never identifies what facts it contends the question assumed; never identifies the allegedly misstated prior testimony; and cites no record evidence for the proposition that Hegarty did not continuously treat Grant for her back condition.

**Objection No. 4**

Shortly after he asked Hegarty about Grant's continuous treatment for failed back surgery syndrome, Scheer asked whether, "[b]ased on your experience on failed back syndrome will the patient ever completely recover?" Doc. 51 at 39. Hegarty responded that

> We hope for the best and prepare for the worst. I tell people that they can get better. A lot of it is how much they put in, how much the, you know, they really work at it. It can get better but at this point it most likely will continue to bother her indefinitely.

*Id.* at 39-40. Target, once again, believes the question called for speculation. Doc. 56 at 4. Once again, not so. Hegarty offered his opinion, based on his treatment of Grant and how she responded, on whether he thought she would ever completely recover. That's a medical opinion, not speculation, and if Target wishes to rebut it with additional evidence of Grant's recovery after her treatment by Hegarty, it may. But it's objection is meritless and thus **OVERRULED**.

### C. Plaintiff's Objections to the Allen Deposition

**Objection No. 1**

During Allen's deposition, Target counsel Stephen Dermer asked him if during his examination of Grant he "had in mind the history that she had given . . . versus what [he was] seeing in the clinic; is that true?" Doc. 50 at 21. At the deposition, Scheer interjected by stating that he had "been very lenient about leading but . . . would ask that you let the doctor testify as opposed to you." *Id.* Grant, unsurprisingly, now objects to Dermer's question as leading. Doc. 69 at 1 (citing Fed. R. Evid. 611). Target believes that's "not a proper objection" because Scheer's

6

statement only referred to leading questions moving forward and did not "signal[] or require[] defense counsel to rephrase the question." Doc. 71 at 1.

Under Fed. R. Civ. P. 32(d)(3)(B), objections to the form of a question -- including to leading questions -- are "waived if . . . not timely made during the deposition." Scheer timely objected, however. His response, if not in precisely the verbiage Target desired, left little to guess about -- he asked that Dermer "let the doctor testify as opposed to you." Doc. 50 at 21. That phraseology, lest the clause that preceded it -- "I've been very lenient about leading" -- lose import, was not aimed solely at prospective questions. Indeed, it was served on a platter of civility. Scheer thus timely objected. And since the question unambiguously led Allen and was not necessary to develop his testimony, Fed. R. Civ. P. 611 forbids it. Plaintiff's objection is **SUSTAINED**.

**Objection No. 2**

Dermer also asked Allen if, based on Grant's "description of the incident at Target . . . [his] review of the records, [his] interview of the patient, [his] examination of Ms. Grant, did [he] develop any opinion regarding whether Ms. Grant's complaints of back pain and other pain,

7

any other pain . . . were related to the incident at Target." Doc. 50 at 32. Grant believes that calls for "pure speculation." *Id.*

It does not. It calls for an expert to render his expert opinion on a subject matter -- orthopedic injuries -- within his field of expertise. Indeed, if Dermer's question constitutes improper speculation, examining experts like Allen serve little purpose. Plaintiff's objection is **OVERRULED**.

### Objection No. 3

Grant's final objection also involves alleged speculation. Dermer asked Allen whether, based on his review of her medical records, he thought Grant's "preexisting history [could be] a potential source of back pain that can result in a surgery of the type that Charity Grant had?" Doc. 50 at 68. Scheer objected based on form (speculative), and Dermer then specifically asked Allen *not* to speculate if he did not have an opinion based on a review of the record. *Id.* Allen opined that Grant's back pain long predated her ankle fracture, but that he did not know how much the ankle "would contribute to preexisting back pain. Doesn't say it's any worse or any better." *Id.*

8

As with Grant's previous objection, Dermer's question called for Allen's medical opinion, not speculation. Her objection, then, is **OVERRULED**.

To summarize: all the parties' objections are **OVERRULED** except for Grant's first objection to the Allen deposition (*see* doc. 69 at 1), which the Court **SUSTAINS**.

**SO ORDERED,** this  19th  day of February, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA