# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

CHARITY GRANT,

    Plaintiff,

v.

TARGET CORPORATION, a foreign corporation,

    Defendant.

CV 414-132

## ORDER

Following a jury trial in which the jury awarded damages to Plaintiff Charity Grant ("Grant"), the case is now before the Court on a disputed Bill of Costs. Upon due consideration, Grant's Motion for Amended Bill of Costs (Dkt. No. 106) and Motion for Assessment of Costs (Dkt. No. 109) is **GRANTED in part**.

## BACKGROUND

Grant brought suit against Defendant Target Corporation ("Defendant") for injuries sustained when she slipped while shopping in Defendant's Savannah store. The case proceeded to trial the week of February 22, 2016. The jury awarded Grant $60,000 on February 25, 2016, apportioning fault as follows: (1)

51% against Defendant; and (2) 49% against Grant. Dkt. No. 101. On March 3, 2016, the Court entered a Judgment in favor of Grant. Dkt. No. 103.

Shortly thereafter, on March 24, 2016, Grant filed an Amended Bill of Costs, requesting that Defendant pay certain Fees as the non-prevailing party in the lawsuit, namely:

| | |
|---|---|
| $300.00 | Fees of the Clerk |
| $325.00 | Fees for service of summons and subpoena |
| $2,740.21 | Fees for printed or electronically recorded transcripts necessarily obtained for use in the case |
| $365.30 | Fees and disbursements for printing |
| $1,108.30 | Fees for witnesses |
| $782.61 | Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case |
| $241.51 | Other costs (Postage and FEDEX) |

Dkt. No. 106, p. 1. Grant attached a detailed, itemized statement of all requested costs, which included numerous invoices and receipts. Dkt. No. 106-1.[1] In total, Grant requests that the Court award her $5,862.93 in costs.

Defendant promptly objected to Grant's Bill of Costs. Dkt. Nos. 105, 107. Specifically, Defendant objects to two charged

---

[1] The Court notes that Grant did not include an itemized statement of her requested costs in her original Bill of Costs. Dkt. No. 104. The detailed, itemized statement was only included after defense counsel argued that Grant's Bill of Costs should be denied in its entirety, due to Grant's failure to include such an itemization. See Dkt. No. 105.

items: (1) Dr. Raphael Roybal's ("Dr. Roybal") expert witness fee for $1,052.10, dkt. no. 107, p. 2; and (2) the inclusion of costs "related to the lawsuit [Grant] filed and voluntarily dismissed." Id. at p. 3. Defendant does not contest any of Plaintiff's other requested costs. Id. In summary, Defendant requests that the Court deny costs for the aforementioned, disputed issues in the amount of $1,600.50, thereby reducing Plaintiff's award to $4,262.43.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that a court should award costs to a prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). Rule (54)(d) of the Federal Rules of Civil Procedure thus creates a presumption of an award of costs to a prevailing party. Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc).

28 U.S.C. § 1920 defines recoverable costs, allowing a prevailing party to obtain:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in this case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses,

3

> and costs of special interpretation services under section 1828 of this title.

A court is bound by the limitations set forth in § 1920 and, accordingly, may not tax costs not listed in that section, absent explicit statutory or contractual authorization to do so. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The non-prevailing party bears the burden of demonstrating that a challenged cost is not taxable. Sensormatic Elecs. Corp v. Tag Co., No. 06-81105, 2009 WL 3208649, at *2 (S.D. Fla. Oct. 2, 2009) (citing E.E.O.C. v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000)).

Although a court has discretion not to award full costs to the prevailing party, this discretion "is not unfettered." Chapman, 229 F.3d at 1039 (citing Head v. Medford, 62 F.3d 351, 354-55 (11th Cir. 1997)). Because Rule 54 creates a presumption in favor of awarding costs, "the denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of litigation." Id. (alteration in original) (quoting Walters v. Roadway Express, Inc., 557 F.2d 521, 526 (5th Cir. 1977)). As such, to defeat this presumption and deny full costs, a court "must have and state a sound basis for doing so." Id. (citing Head, 62 F.3d at 354).

AO 72A
(Rev. 8/82)

## DISCUSSION

Although Grant is entitled to recover costs pursuant to Rule 54, the Court will not award costs in the requested amount of $5,862.93. See Fed. R. Civ. P. 54(d)(1). As an initial matter, the Court notes that Defendant only disputes $1,600.50 dollars of Grant's Bill of Costs. See generally Dkt. No. 107. The remaining, undisputed costs appear both accurate and reasonable, based on the itemization and invoices provided by Grant's counsel. See Dkt. No. 106-1. Defendant, however, specifically disputes, as costs, the inclusion of: (1) expert witness fees; and (2) fees for a previously filed, voluntarily-dismissed case. Dkt. No. 107, pp. 3-4.

As to the matter of the expert witness fee, the provisions set forth in 28 U.S.C. § 1821 govern. Section 1821(a)(1) permits "a witness in attendance at any court of the United States" to "be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b).[2] The Supreme Court, in Crawford Fitting Co., 482 U.S. at 442, held that "a federal court may tax expert witness fees in excess of the $[40]-per-day limit set out in § 1821(b) only when the witness is court-appointed." See also Morrison v. Reichold Chems., Inc., 97 F.3d 460, 463 (11th Cir. 1996) (holding that "the district court

---

[2] 28 U.S.C. § 1821(b) also permits a witness to "be paid the attendance fee for the time necessarily occupied in going and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance."

5

erred in taxing as costs any amount for expert witness fees in excess of the $40 per day allowed under § 1821.").

Here, Dr. Roybal was not a court-appointed witness. Rather, Dr. Roybal was retained by Grant to provide his expert opinion as to the cause of her injuries. Given that Dr. Roybal was not a court-appointed expert, an award of fees greater than the $40 allowed by § 1821(b) would constitute error. Accordingly, the Court reduces Grant's original request of $1,052.10 to $52.10, a reduction of $1,000.00, which represents the appropriate cost for Dr. Roybal's expert testimony.[3]

Defendant argues that the Court should deny $600.50 of Grant's requested costs because they are duplicative. Dkt. No. 107, p. 3. Specifically, Defendant argues that on November 25, 2013, Grant voluntarily dismissed without prejudice her initial lawsuit. See Dkt. No. 110. Defendant maintains that Grant, by requesting costs of $600.50, "seeks duplicative costs for the two lawsuits that she filed (i.e. service, copying, and postage costs)." Dkt. No. 107, p. 3. Pursuant to Local Rule 54.1, "[a] bill of costs must be filed by the prevailing party within thirty (30) days after the entry of the judgment or other final order from which an appeal may be taken." LR 54.1, SDGa. A voluntary dismissal without prejudice is neither an adjudication

---

[3] The Court notes that the parties did not dispute the $12.10 added to the statutory reimbursement of $40. The addition represents reimbursement for Dr. Roybal's travel. Such an amount is appropriate and due to be taxed as costs.

6

on the merits nor a final order. See Druhan v. Am. Mut. Life, 166 F.3d 1324, 1325 n.4 (11th Cir. 1999) (emphasis in original) (explaining that "voluntary dismissals *without* prejudice . . . are not 'final' decisions for the purposes of appellate jurisdiction.")

Upon a careful review of the itemized statement of all costs, see dkt. no. 106-1, the Court concludes that Grant is not entitled to recover any costs associated with her initial case—the case that she voluntarily dismissed. Grant's request for fees associated with her initial lawsuit fails for two reasons: (1) Grant is not entitled to recover costs for a case that she voluntarily dismissed because such an action did not constitute a final order; and (2) the time to request such fees has long-since passed. Grant's total award is thus reduced by $600.50, the amount representing those costs associated with the initial lawsuit.

**CONCLUSION**

For the reasons set forth above, Plaintiff is precluded from recovering costs in the amount of **$1,600.50**. Accordingly, Grant's Bill of Costs (Dkt. Nos. 106, 109) is **GRANTED in part**. The Clerk of Court is thus **AUTHORIZED** and **DIRECTED** to tax costs against Defendant in the total amount of **$4,262.43**.

AO 72A
(Rev. 8/82)

**SO ORDERED**, this 23RD day of May, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)